IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| R.M.H., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 4:20-cv-00180-MSH |
| | : | Social Security Appeal |
| ANDREW SAUL, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks and citation omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam). The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1)(A). In addition to meeting the requirements of the statute, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled. *Id*. at § 404.1520(b). Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id*. at § 404.1520(a)(4)(ii). A claimant must have a "severe impairment," which is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id*. at § 404.1520(c). Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id*. at § 404.1520(a)(4)(iii). Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id*. at § 404.1520(a)(4)(iv). Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work. *Id*. at § 404.1520(a)(4)(v). In

3

arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id*. at § 404.1523(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 8006 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits on January 2, 2018, alleging that she became disabled to work on September 16, 2017. Her claims were denied initially on April 27, 2018, and upon reconsideration on July 23, 2018. She timely requested an evidentiary hearing before an ALJ on August 16, 2018, and the hearing was held on September 6, 2019. Plaintiff appeared with her attorney and gave testimony, as did an impartial vocational expert ("VE"). Tr. 21. On October 7, 2019, the ALJ issued an unfavorable decision denying her claim. Tr. 18-34. Plaintiff sought review by the Appeals Council but was denied. Tr. 1-7. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her claim for benefits. Her case is ripe for review. 42 U.S.C. § 405(g).

## STATEMENT OF FACTS AND EVIDENCE

On the date she alleges she became disabled to work, Plaintiff was forty-five years old and classified as a "younger individual" under the Commissioner's regulations. Finding 7, Tr. 28; 20 C.F.R. § 404.1563. She has past relevant work as a registered nurse and charge nurse. Finding 6, Tr. 28. In conducting the five-step sequential analysis used

by the Commissioner in evaluating claims for disability, the ALJ found, at step two, that Plaintiff has severe impairments of major depressive disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD").  Finding 3, Tr. 23.  At step three, he found that these impairments, considered alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Finding 4, Tr. 23-24; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.  Between steps three and four, the ALJ assessed Plaintiff to have the RFC to perform a full range of work at all exertional levels, but with specific restrictions to work involving simple, routine tasks in a low-stress job that requires only occasional decision-making, occasional changes in the work setting, and only occasional interaction with the general public and coworkers.  Finding 5, Tr. 25-28.  At step four, the ALJ determined that Plaintiff's restricted RFC prevents her from returning to any past relevant work and proceeded to step five, where, with the testimony of the VE, he further found that Plaintiff can work as a floor waxer, laundry worker, and automobile detailer and that these jobs are available to her in the national economy.  Finding 10, Tr. 29.  The ALJ, therefore, found Plaintiff to not be disabled to work.  Finding 11, Tr. 30.

## DISCUSSION

Plaintiff contends that the ALJ's opinion has material inconsistencies in addressing the opinion of a psychologist Plaintiff characterizes as a "treating source" and, thus, renders the opinion unsupported by substantial evidence.  Pl.'s Br. 2, ECF No. 15.  Her argument, however, relies on an analysis of medical source statements that is no longer used by the Commissioner.   Because Plaintiff filed her application after March 27, 2017, new

5

regulations promulgated by the Commissioner which eliminate the "treating source" rule apply. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017); *see* 20 C.F.R. § 404.1520c. The ALJ is no longer required to show deference to what was previously called a treating source. *Id*. The final regulations applicable to claims filed after March 27, 2017, specifically provide that the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Nor is the ALJ now required to follow any particular procedure, such as the prior rule that required "good cause" to discount a medical source's evidence. *Id*. § 404.1520c(b). Plaintiff's argument is therefore meritless.

What the ALJ—and ultimately the Commissioner—must now do, is establish that a given medical source statement or prior administrative medical finding is supported by and consistent with the medical evidence and explain his consideration of these two factors in determining whether the statement or finding in issue is persuasive. *Id*. § 404.1520c(b)(2). A review of the record evidence shows clearly that the ALJ's evaluation of the psychologist's medical opinion is well supported by substantial evidence and thoroughly explained. The ALJ applied the proper regulations and the analytical framework required therein and determined that the psychologist's opinion that Plaintiff is "unable to function in the workplace" is not supported by her own records and inconsistent with Plaintiff's activities and treatment history. Tr. 411-17, 28. In its most recent pronouncement on the substantial evidence standard, the Supreme Court said emphatically that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is

6

not high" in judicial review of Social Security decisions.  *Biestek v. Berryhill*, 139 S. Ct. 1146, 1154 (2019).  This Court takes the Supreme Court at its word and finds that the decision by the Commissioner to deny Plaintiff disability benefits under the Social Security Act must be AFFIRMED.

    SO ORDERED, this 18th day of October, 2021.

                                       /s/ Stephen Hyles
                                       UNITED STATES MAGISTRATE JUDGE